Marcia Adele Widder, Atlanta, GA, for
Petitioner–Appellant.

Fredericka Searle Sargent, Assistant
Attorney General, Office of the Attorney
General, Austin, TX, for Respondent–Ap-
pellee.

Before DENNIS, CLEMENT, and
OWEN, Circuit Judges.

PER CURIAM: *

In light of the Supreme Court's decision
in *Christeson v. Roper,* 574 U.S. ——, 135
S.Ct. 891, —— L.Ed.2d ——, 2015 WL
232187 (2015) (per curiam), we VACATE
IN PART our previous opinion denying
Richard Tabler's petition for a Certificate
of Appealability, *Tabler v. Stephens,* 2014
WL 4954294 (5th Cir.2014) (unpublished).
We now hold that the equitable rule estab-
lished in *Martinez v. Ryan,* —— U.S. ——,
132 S.Ct. 1309, 1315, 182 L.Ed.2d 272
(2012), that "[i]nadequate assistance of

counsel at initial-review collateral proceed-
ings may establish cause for a prisoner's
procedural default of a claim of ineffective
assistance at trial," logically extends to
ineffective assistance of habeas counsel
that prevents an initial-review collateral
proceeding from ever taking place. Be-
cause Tabler's attorneys for his state habe-
as proceedings were also his attorneys for
his federal habeas proceedings, they faced
a conflict of interest that could have pre-
vented them from arguing that their per-
formance in Tabler's competency hearing
was deficient, and, accordingly, Tabler's
statutory right to counsel was violated.
*See Christeson,* 574 U.S. at ——, 135 S.Ct.
at ——. We hereby VACATE IN PART
the district court's judgment and RE-
MAND the case to the district court solely
to consider in the first instance whether
Tabler, represented by his new counsel
Widder or other unconflicted counsel, can
establish cause for the procedural default
of any ineffective-assistance-of-trial-coun-
sel claims pursuant to *Martinez* that he
may raise, and, if so, whether those claims
merit relief.

Landry DIXON, Plaintiff–Appellant,

v.

24TH DISTRICT COURT; Joseph F.
Grefer, Judge; Martha E. Sassone,
Judge; J.D. Cannella, Judge; Robert
Long, Assistant D.A.; R. Gracianette,

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Assistant D.A.; Caren Morgan, Assistant D.A.; John J. Molaison, Jr., Chief Judge, 24th JDC, Jefferson Parish; Harry Lee, JPSO Sheriff; S. Buhler, JPSO Detective; J. Commians, JPSO Detective; Newell Normand, Sheriff of Jefferson Parish; Paul D. Connick, Jr., District Attorney for Jefferson Parish; Jo L. Cummings, Deputy; John Mamoulides, Defendants–Appellees.

No. 14–31030
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 2015.

Landry Dixon, New Orleans, LA, pro se.

David Glen Sanders, Assistant Attorney General, Louisiana Department of Justice, Douglas Gist Swenson, Office of the Attorney General, Baton Rouge, LA, Ralph Roger Alexis, III, Esq., Porteous, Hainkel & Johnson, L.L.P., New Orleans, LA, Daniel R. Martiny, Martiny & Associates, Metairie, LA, for Defendants–Appellees.

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Landry Dixon sued in 2013 for alleged civil-rights violations stemming from an arrest and prosecution in the 1980s and early 1990s. The district court dismissed the action, explaining its decision in a brief but comprehensive opinion.

.* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

There is no error. The judgment of dismissal is AFFIRMED, essentially on the basis of the explication by the district court in its Order and Reasons dated May 30, 2014.